UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  07-22155—CIV—GOLD/TURNOFF

**JUAN C. GONZALEZ,**

      **Plaintiff,**

v.

**SOUTHERN PARKING, INC.,**
**and  WILLIAM KENT,**

      **Defendants.**
_____/

## ANSWER OF DEFENDANTS SOUTHERN PARKING, INC. AND WILLIAM KENT

COME NOW the Defendants, SOUTHERN PARKING, INC. and WILLIAM KENT, and hereby answer to the Plaintiff's Complaint as follows:

1.    Defendants admit that the Complaint purports to state a cause of action under the Fair Labor Standards Act, but denies that Plaintiff can state or has stated any such claim and further is entitled to no relief pursuant to that Act, and demands strict proof thereof.

2.    Defendants deny for want of knowledge the allegations of paragraph 2 of the Complaint and demand strict proof thereof.

3.    Defendants admit that they regularly transact business in Miami Dade County, Florida, and that Defendant KENT runs the day-to-day operations of SOUTHERN PARKING and was responsible for determining Plaintiff's wages.  Defendants deny each and every remaining allegation of paragraph 3 of the Complaint, including those not specifically admitted herein, and demand strict proof thereof.

4. Defendants deny the allegations of paragraph 4 and demand strict proof thereof.

5. Defendants admit that the Complaint purports to state a cause of action pursuant to a federal statute, but denies that Plaintiff can state or has stated any such claim and further is entitled to no relief pursuant to that statute, and demands strict proof thereof. Further, Defendants admit that the Complaint purports to state a collective action on behalf of himself and other individuals similarly situated, but deny that there exist any employees or former employees similarly situated to the Plaintiff such that no collective action can lie, and demand strict proof thereof.

6. Defendants admit that this Court has jurisdiction over any federal claims asserted in the Complaint pursuant to the FLSA, but denies all remaining allegations of paragraph 6 of the Complaint and demands strict proof thereof.

7. Defendants admit that both the FLSA and Florida law provide for a minimum wage to be paid certain employees, and further state that these statutes speak for themselves. The Defendants deny all remaining allegations of paragraph 7 of the Complaint and demand strict proof thereof.

8. Defendants admit that the FLSA provides for maximum hours and overtime, and further state that this statute speaks for itself. The Defendants deny all remaining allegations of paragraph 8 of the Complaint and demand strict proof thereof.

9. Defendants admit that Defendant SOUTHERN PARKING grosses over $500,000.00 in revenue *per annum*. Deffendants deny the remaining allegations of paragraph 9 of the Complaint and demand strict proof thereof.

10. Defendants deny the allegations of paragraph 10 of the Complaint and demand strict proof thereof.

11. Defendants deny the allegations of paragraph 11 of the Complaint and demand strict proof thereof.

12. Defendants deny the allegations of paragraph 12 of the Complaint, including the "Wherefore" clause, and demand strict proof thereof. Defendants further state that Plaintiff is entitled to no relief as prayed for in the "Wherefore" clause and demand strict proof thereof.

13. As and for their first defense, Defendants state that Plaintiff has failed to state a cause of action for which relief can be granted.

14. As and for their second defense, Defendants state that Plaintiff's claims are barred, in whole or in part, by the statute of limitations in 29 U.S.C. § 255.

15. As and for their third defense, Defendants state that Plaintiff did not work in interstate commerce and therefore are not subject to the FLSA.

16. As and for their fourth defense, Defendants state that they do not operate in interstate commerce and therefore are not subject to the FLSA.

17. As and for their fifth defense, in the event that Defendants are in violation, which Defendants deny, Defendants state that Plaintiff cannot state a claim for the higher minimum wage pursuant to Florida law since he did not provide Defendants with the required fifteen (15) days' requisite notice and opportunity to cure any defect pursuant to the applicable Florida statute.

18. As and for their sixth defense, in the event that Defendants are in violation, which Defendants deny, they at all times acted in good faith and therefore Plaintiff is not entitled to liquidated damages.

19. As and for their seventh defense, Defendants state that at all times Plaintiff was paid for straight time for every hour worked, and therefore, if Plaintiff did work any hours over

40 in any one workweek, which Defendants deny, then Plaintiff is entitled only to half-time for such hours and not time-and-one-half.

20.　　As and for their eighth defense, Plaintiff is subject to one or more exemptions and not entitled to coverage of the Act.

WHEREFORE, having answered fully, Defendants SOUTHERN PARKING, INC. and WILLIAM KENT, submit that Plaintiff's Complaint should be dismissed in full and Defendants recover costs and such other relief as this Court shall deem just in the premises.

    Respectfully submitted,

    SUSAN L. DOLIN, P.A.
    **Counsel for Defendants**
    9000 Sheridan Street
    Suite 93
    Pembroke Pines, FL  33024
    Telephone:  954-862-2284
    Facsimile:  954-862-2287
    E-mail:  sdolinlaw@aol.com

    By:  s/Susan L. Dolin
    FBN:  708690

    and

    BRADLEY S. HARTMAN, P.A.
    **Co-counsel for Defendants**
    10000 Stirling Road, Suite 1
    Cooper City, FL  33024-8038
    Telephone:  954-438-1000
    Facsimile:  954-438-3000
    FBN:  276219

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of October, 2007, I electronically filed the forgoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

s/Susan L. Dolin
Susan L. Dolin, Esq., Florida Bar No.: 708690
Email: sdolinlaw@aol.com
SUSAN L. DOLIN, P.A.
9000 Sheridan Street
Suite 93
Pembroke Pines, FL  33024
Telephone:  954-862-2284
Facsimile:  954-862-2287

By:  s/Susan L. Dolin
**Counsel for Plaintiffs**

## SERVICE LIST

Susan L.. Dolin, Esq., FBN  708690
SUSAN L. DOLIN, P.A.
9000 Sheridan Street
Suite 93
Pembroke Pines, FL  33024
Telephone:  954-862-2284
Facsimile:   954-862-2287
E-mail:  sdolinlaw@aol.com
**Counsel for Defendants**
*Via CM/ECF*

Bradley S. Hartman, Esq., FBN  276219
BRADLEY S. HARTMAN, P.A.
10000 Stirling Road, Suite 1
Cooper City, FL  33024-8038
Telephone:  954-438-1000
Facsimile:  954-438-3000
**Co-counsel for Defendants**
*Via Facsimile*


J.H. Zidell, Esq., FBN  0010121
J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, FL  33141
Telephone:  305-865-6766
Facsimile:  305-865-7167
**Counsel for Plaintiff**
*Via Facsimile (no e-mail provided)*